UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:00CR44(JCH) |
| THEODORE SMITH | : | February 14, 2007 |

## DEFENDANT'S MEMORANDUM RE PETITION ON SUPERVISED RELEASE

### Introduction

When this Court last saw defendant Teddy Smith over five years ago for sentencing, he was a 21 year-old first offender facing imprisonment for the first time in his life. In sentencing Mr. Smith to imprisonment for 58 months, the Court recommended to the Bureau of Prisons that Mr. Smith participate in the Intensive Confinement Center program and the 500 hour drug treatment program. The boot camp program was not available, but Mr. Smith did successfully complete the drug treatment program in prison. He completed the sentence of imprisonment on July 30, 2004, and began serving a five-year term of supervised release.

As noted in the Amended Report of Violation of Supervised Release, apart from the arrest that led to the pending petition and his use of marijuana in that same time frame, Mr. Smith has adjusted well to supervision and has complied with the conditions and requirements of supervision. Indeed, as discussed below, Mr. Smith has become a hard-working member of the community. His standing is jeopardized, however, by his conviction for the offense of possession of over four ounces of marijuana, which brings him back before this Court facing the possibility of re-incarceration for as much as three years and a Guidelines sentencing range of 4 – 10 months. For the reasons stated herein, and upon the entire record, he urges the Court to find that a term of imprisonment, beyond the bare minimum required by 18 U.S.C. § 3583(g), would exceed the punishment necessary to meet the statutory objectives of sentencing expressed in 18 U.S.C. § 3553(a) and to find, instead, that a largely non-custodial sentence would be sufficient to achieve those purposes.

- 2 -

A.   **The Alleged Violation**

On August 23, 2005, Mr. Smith was arrested by the West Haven police, who found in his car 22 small clear plastic bags containing slightly more than half an ounce of marijuana, and charged with multiple state offenses, including possession with intent to sell and conspiracy to possess with intent to sell.  Police reported that they had been conducting surveillance near a barbershop when they saw Mr. Smith park outside, enter the shop and engage in "a short hand to hand transaction in which it appeared items were being exchanged."  Based upon that observation, the police concluded that the activity possibly was a drug deal and they stopped the defendant's car as he drove away.  The police reported that they smelled "fresh marijuana" when they approached the open passenger side window and they searched the car and found the marijuana in a plastic shopping bag on the floor.  Mr. Smith and his passenger, Alicia Shields, denied knowledge or ownership of the marijuana.  Later that day, however, Ms. Shields waived her Miranda rights and gave a written statement admitting that the marijuana was hers and not Mr. Smith's.  That statement by Ms. Shields is attached, as are two statements by the individual identified in the Amended Report of Violation of Supervised Release as "[t]he caller [who] asked for 'Teddy,' requested a 'dime bag' and arranged to meet at a Denny's Restaurant on Sawmill Road."

The day after his arrest, Mr. Smith, who timely notified U.S. Probation Officer Sandra Hunt of the arrest, tested positive for marijuana use.  He then voluntarily enrolled in a drug treatment program at the Hospital of Saint Raphael, and he successfully completed that program and was discharged in early 2006.  Since then he has remained clean and has had no further incidents of noncompliance.

The state case against Mr. Smith dragged on through 2005 and well into 2006 when Mr. Smith and the state reached a disposition by which the state substituted the charge of possession of more than four ounces of marijuana and Mr. Smith pled guilty under the Alford doctrine, a common procedure used to resolve state cases whereby the defendant avails himself of a plea offer but does not admit the truth of the facts relied upon by the state.  Mr. Smith so pled on November 16, 2006, with an agreement

- 3 -

that exposed him to imprisonment for up to two years but allowed him to ask for a lower sentence. The case was continued for sentencing to January 31, 2007, when Mr. Smith was sentenced to probation for two years by Superior Court Judge John M. Ronan.

**B.     Compliance with Other Conditions of Supervision**

According to the Amended Report of Violation of Supervised Release, Mr. Smith has done well on supervision apart from the violations on August 23-24, 2005 that bring him before the Court. He has reported as directed, including his timely report of the arrest, and has followed the instructions of his probation officer. After he used marijuana, he voluntarily enrolled in an out-patient substance abuse treatment program and he successfully completed the program. Since then, he has not used drugs.

When Mr. Smith was released from prison he was initially assigned to a half-way house in Boston for three months, and he found work there at a Friendly's Restaurant. He was transferred to serve the final three months at the half-way house in Hartford, and he continued working for Friendly's in Connecticut. Upon completing the community confinement, Mr. Smith moved to his mother's home in East Haven, and soon found full-time work at Shoreline Taylor Rental in Branford. A very positive letter of recommendation from the president of the Taylor Rental Center is attached. For a time he maintained two jobs, working days at the rental store and nights at the restaurant. Soon, however, time did not permit Mr. Smith to work both jobs as he entered a vocational training program at the Stone Academy in Hamden. He received a certificate on March 3, 2005 showing completion of the 100-hour nurse training program. On September 12, 2005 he was registered as a nurse's aide with the Commissioner of Public Health for the State of Connecticut.

With this training, Mr. Smith found employment in January, 2006 with the Institute of Professional Practice, Inc., a North Haven company that is a contractor with the Department of Mental Retardation for the State of Connecticut and for whom Mr. Smith works full-time and over-time providing direct services to DMR clients who live in a residential setting but need assistance with matters such as going to appointments, shopping, dressing, attending to basic personal hygiene, and

- 4 -

recreation. Mr. Smith's current schedule is: Wednesday from 2:00 p.m. to 6:00 p.m.; Thursday from 2:00 p.m. to 10:00 p.m. and voluntary over-time from 11:00 p.m. to 9:00 a.m.; Friday from 2:00 p.m. to 9 p.m. and voluntary over-time from midnight to 9:00 a.m.; and, Saturday from 9:00 p.m. to 10:00 a.m. and voluntary over-time until 9:00 a.m. on Sunday. Mr. Smith recently received a raise to $11.33 hourly, reflecting the success he has had as a company employee and the skill he has shown in working with challenging clients. Copies of Mr. Smith's three and six month performance evaluations by The Institute of Professional Practice, Inc., are attached.

**C.     Sentencing for Violations of Supervised Release**

Under 18 U.S.C. § 3583(e), the Court may, after due consideration of the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(5), (a)(6), and (a)(7), either continue supervision or revoke and re-sentence upon finding a violation of a condition of supervised release. This authority is limited by 18 U.S.C. § 3583(g)(1), which mandates revocation and imposition of "a term of imprisonment" if the defendant possesses a controlled substance. The statute does not dictate, however, any minimum sentence of imprisonment that must be imposed upon revocation and it would be satisfied, therefore, by a sentence of imprisonment for one day.

Although not controlling in the context of a revocation for possession of drugs as opposed to a violation for testing positive for drug use, guidance as to a possible appropriate sentence for possession is provided by 18 U.S.C. § 3583(d): "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." This exception represents an appreciation of the rehabilitative and non-punitive role of supervised release, even where a defendant has failed a drug test, necessarily implying both drug use and possession itself in the use.  The exception oddly does not extend to possession itself, but the underlying policy certainly bears consideration in the context of possession as a relevant consideration in fashioning a sentence that is sufficient but not greater than needed to best achieve the several

- 5 -

statutory purposes of a sentence and to achieve the purposes of a revocation of supervised release. See U.S.S.G. Ch. 7, Intro. at 4 ("the Commission determined that the purpose of supervision for probation and supervised release should focus on the integration of the violator into the community").

As a factor to be considered in fashioning a sentence that would be sufficient but not greater than needed to achieve the statutory purposes of sentencing, the Sentencing Guidelines provide an imprisonment range of 4-10 months. Mr. Smith was convicted in state court of possession of marijuana, which is not a controlled substance offense under U.S.S.G. § 7B1.1(a)(1). See U.S.S.G. §4B1.2(b). Therefore, it constitutes a Grade B violation under U.S.S.G. § 7B1.1(a)(2). Mr. Smith was a first offender when sentenced in the instant case and he is, therefore, in criminal history category I. See U.S.S.G. § 7B1.4. Accordingly, as a factor to be considered in tailoring a sentence to fit this violator and this violation, the Guidelines provide a sentencing range of 4 – 10 months' imprisonment. A sentence within that range, assuming the imposition of some term of imprisonment of any length "may be satisfied by . . . (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e) for any portion of the minimum term." U.S.S.G. § 7B1.3. Of course, the Court may also, after due consideration, find that a sentence outside this Guideline range would be appropriate.

## Conclusion

Upon the entire record in this case, Theodore Smith requests that this Court sentence him to a term of imprisonment for one day, followed by a renewed term of supervised release with a special condition that he serve an initial period of four months in home confinement. Such a sentence would, we respectfully submit, balance the interests that need to be considered and accommodated in fashioning a sentence for a violation of the condition of supervised release that prohibits possession of a controlled substance. Mr. Smith's violation was an isolated incident that occurred almost 18 months ago, was a problem that he immediately and responsibly brought to the attention of his probation officer, and that he then addressed by voluntarily participating in a substance abuse program. While the violation qualifies legally as serious and requires revocation and a period of imprisonment, much progress would be needlessly sacrificed were that mandate to be achieved through a term of

- 6 -

imprisonment that would jeopardize Mr. Smith's employment, which is valuable not only to him and his continuing positive integration into the community but also to the disabled clients he serves so well.

Mr. Smith has shown that he can abide by the conditions of Supervised release and he has demonstrated a commitment to be a hard-working and contributing member of the community. He is a much valued member of his family for the positive role he serves as the man of the house, assisting his mother, his two sisters and their five children. Mr. Smith deeply regrets the conduct that brings him back before the Court, and, respectfully requests the Court to find that the sanction of home confinement would best balance and serve the purposes of a sentence and the ends of justice.

        Respectfully submitted,

        THE DEFENDANT,
        THEODORE SMITH

        THOMAS G. DENNIS
        FEDERAL DEFENDER

Dated: February 14, 2007        /s/
        Paul F. Thomas
        Asst. Federal Defender
        2 Whitney Ave., Suite 300
        New Haven, CT 06510
        Bar No. ct01724
        (203) 498-4200
        Email: paul.thomas@fd.org

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing DEFENDANT'S MEMORANDUM RE PETITION ON SUPERVISED RELEASE has been mailed to Gordon Hall, Assistant United States Attorney, United States Attorney's Office, 157 Church Street, 23rd Floor, and to Sandra L. Hunt, United States Probation Officer, United States Probation Office, 157 Church Street, New New Haven, CT 06510, on this 14th day of February 2007.

        /s/
        Paul F. Thomas